357 F.2d 661
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
J. A. TERTELING & SONS, INC., d/b/a Western Equipment
Company, Respondent.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
J. A. TERTELING & SONS, INC., Respondent.
 Nos. 20414, 20475.
 United States Court of Appeals Ninth Circuit.
 March 4, 1966.
 
 Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Asst. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Glen M. Bendixsen, Janet Kohn, Attys., N.L.R.B., Washington, D.C., for petitioner.
 Eli A. Weston, of Weston & Weston, Boise, Idaho, for respondent.
 Before POPE, JERTBERG and DUNIWAY, Circuit Judges.
 PER CURIAM:
 
 
 1
 These two petitions by the National Labor Relations Board for enforcement of its orders were heard together. Both matters arise from a connected series of events.
 
 
 2
 In No. 20,414, the Board ordered the respondent employer to bargain with the International Union of Operating Engineers Local 370, AFL-CIO. The order is based on a finding that the employer had failed to bargain in good faith, thus violating section 8(a)(5) and (1) of the National Labor Relations Act (29 U.S.C. 158(a)(5) and (1)). The Board also found that the employer's conduct had brought on an 'unfair practice' strike, but refused to order re-instatement of strikers because it found that their offer to return to work was not unconditional. The decision is reported at 149 N.L.R.B. No. 28.
 
 
 3
 In No. 20,475, the Board held that a second offer to return to work was unconditional, and that the employer had violated section 8(a)(3) and (1) of the Act (29 U.S.C. 158(a)(3) and (1)). The decision is reported at 152 N.L.R.B. No. 110.
 
 
 4
 We have examined the record and the briefs and we conclude that the evidence in each case fully supports the findings, conclusions and order of the Board. In No. 20,414, the Trial Examiner, whose findings were adopted by the Board, found in substance, that the employer, through its negotiator, who also acted as its attorney, both before the Board and in this court, first agreed to an interim agreement containing a retroactivity clause, and then reneged upon his agreement, first agreed to furnish certain job descriptions and then reneged on that agreement, attempted, within less than seven months after the union was certified to question its status as representing the employees, and, in general, engaged from start to finish in a course of stalling, with no intention ever to reach an agreement. The record fully supports these findings. As the Board aptly puts it: 'Respondent approached the bargaining table not with the sincere purpose of bargaining in good faith but to prolong negotiations and undermine the Union's status as majority representative, and thus to evade its statutory bargaining obligation.'
 
 
 5
 In No. 20,475, the claim that the offer to return was conditional is so tenuous as to verge on the frivolous.
 
 
 6
 In each case, the order will be enforced.